GRAHAM**HOLLIS** APC
Graham S.P. Hollis (SBN 120577)
ghollis@grahamhollis.com
Vilmarie Cordero (SBN 268860)
vcordero@grahamhollis.com
Hali Anderson (SBN 261816)
handerson@grahamhollis.com
David X. Lin (SBN 312350)
dlin@grahamhollis.com
3555 Fifth Avenue, Suite 200
San Diego, California 92103
Telephone: 619.692.0800
Facsimile: 619.692.0822

Attorneys for Plaintiffs

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STEWART and ZULEKHA ABDUL, individually and on behalf of all similarly situated and aggrieved employees of Defendants in the State of California,<br><br>            Plaintiffs,<br><br>    v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. and DOES 1 THROUGH 50, inclusive,<br><br>            Defendants. | Case No.: 3:19-cv-02043-DMS-KSC<br><br>ASSIGNED FOR ALL PURPOSES TO: HON. DANA M. SABRAW COURTROOM 13A<br><br>*Unlimited Civil-*<br>*Amount Demanded Exceeds $25,000.00*<br><br>**FIRST AMENDED COMPLAINT**<br><br>**INDIVIDUAL AND CLASS ACTION**<br>[Cal. Code Civ. Proc. § 382]<br><br>1.  FAILURE TO PREVENT DISCRIMINATION;<br>2.  RACIAL DISCRIMINATION;<br>3.  WRONGFUL FAILURE TO PROMOTE DUE TO RACIAL DISCRIMINATION;<br>4.  FAILURE TO PROVIDE EQUAL PAY BASED ON RACE;<br>5.  FAILURE TO PROVIDE REST PERIODS;<br>6.  VIOLATION OF BUSINESS AND PROFESSIONS CODE |

**REPRESENTATIVE ACTION FOR PAGA PENALTIES**

7.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE §§ 2698, *ET SEQ*.

**– JURY TRIAL DEMANDED –**

PAMELA STEWART and ZULEKHA ABDUL, individually and on behalf of all similarly situated and aggrieved employees of QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., and DOES 1 THROUGH 50, inclusive, allege as follows:

## I.    INTRODUCTION

1.    Plaintiff PAMELA STEWART ("Plaintiff Stewart") brings this individual and putative class action against QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. ("Defendant"), and DOES 1 THROUGH 50, inclusive for violations of the California Equal Pay Act, as amended by the Fair Pay Act of 2015, and engaging in a pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission ("IWC") Wage Orders.

2.    Plaintiffs PAMELA STEWART and ZULEKHA ABDUL ("Plaintiff Abdul") (collectively "Plaintiffs") bring this representative action pursuant to the Private Attorneys General Act of 2004, California Labor Code section 2698, *et seq.* ("PAGA") against Defendant, and DOES 1 THROUGH 50, inclusive, for violations of the California Equal Pay Act, as amended by the Fair Pay Act of 2015, and engaging in a pattern of wage and hour violations under the California Labor Code and the applicable IWC Wage Orders.

3.    Plaintiffs are informed and believe, and on that basis allege, that Defendant decreased its employment-related costs by systematically underpaying employees based on race, violating California wage and hour laws, and engaging in unlawful and unfair business practices.

/ / /

2

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

4.    Defendant's systematic pattern of Labor Code and IWC Wage Order violations toward Plaintiffs and other similarly situated and/or aggrieved employees in California include, but are not limited to:

a. Failure to authorize and permit off-duty paid rest periods;

b. Failure to pay all minimum, regular, and overtime wages for all hours worked;

c. Failure to maintain accurate records;

d. Failure to provide accurate itemized wage statements;

e. Failure to timely pay all wages due during and upon termination of employment; and

f. Violation of the California Equal Pay Act.

5.    Plaintiffs bring this lawsuit seeking injunctive relief, declaratory judgment, restitution, and monetary relief against Defendant, on behalf of all similarly-situated and aggrieved employees to recover, among other things, unpaid wages and benefits, interest, damages, liquidated damages, penalties, attorneys' fees, and costs pursuant to Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 510, 558, 1174, 1174.5, 1194, 1194.2, 1197.1, 1197.5, 1198, 2802, and 2698 *et seq.*, California Business and Professions Code § 17200, *et seq.*, and the provisions of the applicable IWC Wage Order.

6.    Plaintiffs reserve the right to name additional representatives throughout the State of California.

## II.    GENERAL ALLEGATIONS

7.    Plaintiff Stewart is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California.

8.    Plaintiff Abdul is and, at all relevant times, was a resident of the County of San Diego, State of California and is currently employed by Defendants in San Diego County, California.

9.    At all times, Plaintiffs were non-exempt employees and should have received the protections afforded by the California Labor Code and the applicable IWC Wage Order. Furthermore, Plaintiffs are "aggrieved employees" within the meaning of Labor Code §

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

FIRST AMENDED COMPLAINT

2699(c) because they were employed by Defendants and suffered one or more of the violations committed by Defendants.

10.     Plaintiffs are informed and believe and thereon allege that Defendant, QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. (hereinafter "Defendant"), is a New Jersey corporation doing business in the State of California, and is subject to suit under the California Fair Employment Housing Act (FEHA), California Government Code § 12940 *et seq.*

11.     Plaintiffs are ignorant to the true names and capacities of the Defendants sued herein as DOES 1 through 50 and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when they are ascertained.

12.     Plaintiffs are informed and believe and thereon allege that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendants.

13.     Plaintiffs are informed and believe and thereon allege that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendants.

14.     Each Defendant, whether named or fictitious, exercised control over Plaintiffs' wages, hours, and working conditions, and, on information and belief, exercised control over the wages, hours, and working conditions of all similarly situated and aggrieved employees.

15.     The tortious acts and omissions alleged herein were performed by management level employees of Defendant. Defendant allowed and/or condoned a continuing pattern of fraudulent and unfair practices.

/ / /

FIRST AMENDED COMPLAINT

16.    At all times mentioned herein, Cal. Gov't Code § 12940, *et seq*., was in full force and effect and was binding on Defendant.

17.    At all times mentioned herein, Cal. Lab. Code § 1197.5(a)was in full force and effect and was binding on Defendant.

18.    This class action is accordingly brought by all current and former Black Patient Service Representatives of Defendant who were employed at any time in the State of California from three years Plaintiff Stewart filed with the Department of Fair Employment and Housing through the present.  Plaintiff Stewart, and the class that she represents, charge that Defendant discriminates against its Black employees by advancing non-Black employees more quickly than Black employees, by denying Black employees equal job assignments, promotions, training and compensation, and by retaliating against those who oppose its unlawful practices.

19.    Plaintiffs also bring this representation action on behalf of all other current and former non-exempt employees of Defendants in the State of California who have suffered at least one of the Labor Code violations described herein during the applicable relevant time period.

20.    On information and belief, Plaintiffs and other similarly situated and/or aggrieved employees of Defendants were subject to the same policies, practices, and procedures governing the control and payment of wages and hours worked and were denied specific rights afforded to them under the California Labor Code and applicable IWC Wage Order.

21.    Defendants failed to authorize and permit Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees to take legally compliant rest periods of at least 10 minutes for every four-hour work period, or major fraction thereof.

22.    Defendants failed to adopt and implement a policy that authorized and permitted Plaintiffs and other similarly situated and/or aggrieved employees to take 10-minute rest breaks for every four-hour work period or major fraction thereof.

/ / /

FIRST AMENDED COMPLAINT

23.    Defendants failed to relieve Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees of all duties during their rest periods, thereby regularly requiring Plaintiffs and other similarly situated and/or aggrieved employees to remain on duty and continue working through their rest periods.  As such, Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees were unable to take their rest breaks due to their workloads or their rest breaks were frequently interrupted.

24.    Thus, as a result of Defendants' illegal policies, practices, and procedures, Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees were not authorized or permitted to take legally compliant rest periods, in violation of the applicable Wage Order and Cal. Lab. Code § 226.7.

25.    Defendants failed to pay Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees a premium wage equivalent to one hour of pay at their regular rate of pay for all the times that Defendants failed to authorize and permit them to take duty-free rest periods in violation of the Rest Periods section of the applicable IWC Wage Order and Cal. Lab. Code § 226.7.

26.    Defendants failed to pay Black employees a wage rate equal to that paid to employees of other races for performing equal or substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions, in violation of the California Equal Pay Act, Cal. Lab. Code § 1197.5.

27.    Because Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees were required to work off-the-clock during their rest breaks, were not provided rest break premiums, and suffered pay discrimination, Defendants failed to properly pay Plaintiffs and other similarly situated and/or aggrieved employees minimum, regular, and overtime wages owed for all hours worked, in violation of Cal. Lab. Code §§ sections 223, 510, 1194, 1197, and 1198.

28.    As a direct result of Defendants' illegal policies and procedures, Defendants failed to maintain accurate records reflecting Plaintiffs' and, on information and belief,

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

other similarly situated and/or aggrieved employees' time worked and wages paid, in violation of California law.

29.    In addition, Defendants intentionally and knowingly failed to provide Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees with accurate itemized wage statements as required by Cal. Lab. Code § 226.7. As a result of Defendants' pay discrimination and failure to maintain accurate records reflecting rest period premiums owed to Plaintiffs and other similarly situated and/or aggrieved employees, the wage statements issued by Defendants did not include the correct amount of gross and net wages earned as required under Lab. Code § 226.7.

30.    Defendants maintained a pattern and practice of failing to timely pay Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees' wages due and owing, as required by Cal. Lab. Code §§ 201 and 202. Defendants willfully failed to pay Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees all rest period premium wages owed upon their separation of employment. Furthermore, as a result of Defendants' pay discrimination, Defendants failed to pay Plaintiffs and, on information and belief, other similarly situated and/or aggrieved employees their rightful wages earned and unpaid at the time of separation of employment.

31.    Plaintiffs are informed and believe that Defendants maintained a pattern and practice of failing to pay Plaintiffs and other similarly situated and/or aggrieved employees all wages due and owing during their employment within the time specified by Cal. Lab. Code § 204 because Defendants failed to pay Plaintiffs and other aggrieved employees all rest period premium wages, and all rightful wages that were earned but denied due to pay discrimination.

32.    The actions of Defendant constitute unlawful employment practices as herein alleged, and have caused, and will continue to cause, Plaintiff and all other similarly situated and/or aggrieved employees emotional distress and loss of earnings.

33.    The actions of Defendant against Plaintiffs and all other similarly situated and/or aggrieved employees constitute unlawful employment practices in violation of Cal.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Lab. Code § 1197.5(a) as herein alleged, and have caused, and will continue to cause, Plaintiffs emotional distress and loss of earnings.

34.     Plaintiff Stewart and the class she represents have no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief sought in this action is the only means of securing complete and adequate relief. Plaintiff Stewart and the class she represents are now suffering and will continue to suffer irreparable injury from Defendant's discriminatory acts and omissions.

35.     The actions on the part of Defendant has caused and continue to cause Plaintiff Stewart and all class members substantial losses in earnings, promotional opportunities and other employment benefits, in an amount to be determined according to proof. Defendant acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff Stewart and class members. Plaintiff Stewart and class members are thus entitled to recover punitive damages in an amount to be determined according to proof.

## III.    JURISDICTION AND VENUE

36.     This Court has subject-matter jurisdiction to hear this case because Plaintiffs are informed and believe that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimum jurisdictional limits of the Superior Court.

37.     Venue is proper in San Diego County pursuant to Code of Civil Procedure §§ 395(a) and 395.5 because Defendants transact substantial business in San Diego County, Defendants employed Plaintiffs and other similarly situated and aggrieved employees in San Diego County, and the unlawful acts alleged herein that arose in San Diego County have a direct effect on Plaintiff and other similarly situated and aggrieved employees within San Diego County.

## IV.    PROCEDURAL AND FACTUAL BACKGROUND

38.     Plaintiffs PAMELA STEWART and ZULEKHA ABDUL are members of the protected class of race (Black) under the California Fair Employment & Housing Act, Government Code § 12920, *et. seq*. ("FEHA").

/ / /

FIRST AMENDED COMPLAINT

39.    In 2011, Plaintiff Stewart became employed with Defendant.  Plaintiff Abdul was hired by Defendant in 2017. At all times herein relevant, Plaintiffs' position title has been Phlebotomist, Patient Service Representative 1.  Plaintiffs are still currently employed with Defendant in this position.

40.    At the time Plaintiff Stewart was hired by Defendant, Plaintiff Stewart had over 25 years of experience as a Phlebotomist. Plaintiff Abdul had over 12 years of experience in the medical field at the time she was hired by Defendant.

41.    Upon information and belief, numerous non-Black individuals with lesser experience were hired in at higher rates of pay into the Patient Service Representative 1 and 2 positions.

42.    At all times herein relevant, most individuals in Plaintiffs' managerial chain of command were of non-Black race.

43.    Plaintiff Abdul has worked at the Downtown, 1st Avenue location throughout her employment with Defendant.

44.    Originally, Plaintiff Stewart worked at the Chula Vista location. In 2012, Plaintiff Stewart transferred to the 4th Street location in Hillcrest.  In 2017, Plaintiff Stewart transferred to the 3rd Street in Hillcrest.

45.    Plaintiffs' supervisor, Daniel Peterson, was a White male. He consistently gave Plaintiff Stewart positive performance evaluations, but refused to promote her to a Patient Service Representative 2.

46.    Likewise, Plaintiff Abdul has only received positive performance evaluations but is consistently refused promotions. When Plaintiff Abdul has asked her non-Black supervisors about being promoted to a Patient Service Representative 2, she has been told it is related to performance.

47.    On various occasions throughout Plaintiffs' employment with Defendant, co-workers and patients have made racially motivated comments.

48.    In 2018, Plaintiff Stewart asked to transfer locations from Hillcrest to the La Jolla location due to a non-Black employee of a client making negative, inappropriate

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

9

comments in reference to Plaintiff Stewart's race. The employee made references to Plaintiff's hair as "nappy" and expressed that she does not like Black people. The employee also made comments using harmful stereotypes about Black people. Plaintiff Stewart reported these comments to Peterson, but no action was taken except to move Plaintiff to a different location.

49.    In addition, a non-Black patient commented that Plaintiff Abdul was not qualified to do her job because of her race. When Plaintiff Abdul reported the comment to her supervisor, Daniel Peterson, nothing was done and Plaintiff Abdul was told to "be nicer."

50.    Plaintiff Stewart has worked for Defendant for eight years and has only ever received one negative comment from a Secret Shopper. Her performance evaluations have always been positive, as well as all other feedback from patients. Despite her years of experience and exemplary performance, Plaintiff Stewart has never been offered a promotion.

51.    Plaintiff Abdul's performance evaluations have always been positive up until Plaintiff sent Notice of this impending lawsuit to the LWDA; and she has consistently received positive feedback from patients. Despite her years of experience, exemplary performance, and consistent dedication, Plaintiff Abdul has never been offered a promotion.

52.    Over the past eight years, Plaintiffs have seen the company either fail to hire, underhire (i.e., hire into less paying positions), and/or fail to promote Black individuals. However, Defendant regularly hires non-Black individuals at Patient Service Representative 2 level with no experience.  Patient Service Representative 2s make more money than Patient Service Representative 1s without any difference in duties.

53.    On September 12, 2019, Plaintiff Stewart filed a charge of discrimination with the California Department of Fair Employment and Housing (DFEH), a copy of which is attached hereto as Exhibit 1 and incorporated by reference. The DFEH issued a right to sue letter on that same date.

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

54.     On August 14, 2019, Plaintiff Stewart and Plaintiff Abdul served the Labor and Workforce Development Agency ("LWDA") and Defendant QUEST DIAGNOSTICS via certified mail with their notice of the alleged Labor Code violation and penalties that Defendant committed against them and all other non-exempt employees. A true and correct copy of Plaintiffs' notice and proof of service is attached as Exhibit 2.

55.     At several locations, Plaintiffs were continually unable to take rest breaks due to understaffing, as described herein.

## V.    PRIVATE ATTORNEYS GENERAL ACT ("PAGA") REPRESENATIVE ACTION DESIGNATION

56.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

57.     The Causes of Action alleged herein are appropriately suited for a Labor Code Private Attorneys General Act of 2004 ("PAGA") action because:

a)  Pursuant to California Labor Code  § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of the California Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and all other current or former employees pursuant to the procedures specified in § 2699;

b)  This action involves allegations of violations of provisions of the California Labor Code that provide or do not provide for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees;

c)  Plaintiffs are "aggrieved employees" because they were employed by the alleged violators and had one or more of the alleged violations committed against them;

GRAHAMHOLLIS APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

d) On August 14, 2019, Plaintiffs satisfied the procedural requirements of § 2699.3 by serving the LWDA electronically and Defendants QUEST DIAGNOSTICS via Certified Mail with the notice for wage and hour violations and penalties, including the facts and theories to support each violation. A true and correct copy of Plaintiffs' notice and proof of service is attached as Exhibit 2; and

e) More than 65 days have passed since Plaintiffs served notice via Certified Mail to the LWDA and their employer. Therefore, Plaintiffs satisfied all the administrative requirements to pursue civil penalties against Defendants pursuant to Labor Code § 2698, *et seq*.

58.     Plaintiffs file this action pursuant to Labor Code § 2699(a) and (f), on behalf of themselves and all other aggrieved employees of Defendants to recover civil penalties, including unpaid wages, which are to be paid to the affected employees pursuant to Labor Code §§ 558 and 1197.1.

59.     Defendants were Plaintiffs' and aggrieved employees' employer or person acting on behalf of Plaintiffs' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558, at all relevant times.

60.     Defendants were Plaintiffs' employer or person acting on behalf of Plaintiffs' employer, within the meaning of Labor Code section 558.1, who violated or caused to be violated at least one of the provisions regulating minimum wages or hours and days of work in an order of the IWC, or who violated or caused to be violated at least one of sections 203, 226, 226.7, 1193.6, 1194, or 2802 of the Labor Code and, as such, are subject to civil penalties for each underpaid employee, as set forth in section 558.1, at all relevant times.

/ / /

FIRST AMENDED COMPLAINT

61.     Defendants were Plaintiffs' employer or person acting on behalf of Plaintiffs' employer either individually or as an officer, agent, or employee of another person, within the meaning of California Labor Code section 1197.1, who paid or caused to be paid to any employee a wage less than the minimum fixed by California state law, and as such, are subject to civil penalties for each underpaid employee, as well as liquidated damages pursuant to Labor Code section 1194.2, and any applicable penalties imposed pursuant to Labor Code section 203.

62.     Plaintiffs bring this PAGA representative action against Defendant on behalf of themselves and all other aggrieved employees of Defendant in California seeking PAGA penalties, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages pursuant to California Labor Code Sections 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.7, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2698, and 2802, *et seq.*

## VI.    CLASS ACTION DESIGNATION

63.     Plaintiff Stewart re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

64.     Plaintiff Stewart brings Causes of Action One through Six as a Class Action pursuant to California Code of Civil Procedure Section 382 on behalf of herself and all current, former, and future employees as detailed below.   Plaintiff is a member of the Classes she seeks to represent.

65.     Plaintiff Stewart seeks to represent the following Classes, which are defined as:

### The Equal Pay Class

"All current and former Black Patient Service Representatives of Defendant who were employed at any time in the State of California from three years Plaintiff filed with the Department of Fair Employment and Housing through the present."

/ / /

### The Non-Exempt Class

"All current and former non-exempt employees of Defendant who were employed at any time in the State of California from 4 years from the date of filing this Complaint through the present."

66.    Reservation of Rights: Pursuant to California Rules of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or limitation to particular issues.

**A.    Numerosity**

67.    The members of the Classes are sufficiently numerous to render the joinder of all their members impracticable. While Plaintiff Stewart has not yet determined the precise number of members of the Classes, Plaintiff is informed and believes that the Classes likely consist of over 100 individuals. Although the exact number is currently unknown to Plaintiff, this information is easily ascertainable from Defendant personnel, time, and payroll records.

**B.    Commonality and Predominance**

68.    Common questions of law and fact exist as to all class members and predominate over any questions affecting only individual members of the Class or Subclass. The common questions of law and fact that predominate include, but are not limited to:

a.    Whether Defendant's has a common practice of paying its Black Patient Service Representatives less compensation for or substantially similar work, when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions;

b.    Whether any pay differentials are based on a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or a bona fide factor other than race;

c.    Whether Defendant has common operating practices and procedures discriminate against its Black Patient Service Representatives;

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

14

FIRST AMENDED COMPLAINT

d.  Whether Defendant's policies have an adverse impact upon the class and, if so, whether this impact can be justified by business necessity; and whether injunctive and other equitable remedies and punitive damage relief for the class is warranted;

e.  Whether Defendant failed to permit Non-Exempt class members to take off-duty rest periods of at least 10 minutes for every four hours worked, or major fraction thereof; and

f.  Whether Defendant failed to pay one additional hour of pay at the employees' regular rate of compensation to Non-Exempt class members when class members were not provided with compliant and timely rest periods.

**C.    Typicality**

69.    The claims alleged by Plaintiff Stewart are typical of the claims of the class. All class members' claims arise from the same event, practice and/or course of conduct of Defendant.  Plaintiff and all class members sustained injuries and damages as a result of Defendants' illegal policies, practices and/or common course of conduct in violation of the FEHA and California wage and hour laws and/or illegal, unfair, or fraudulent business practices.

**D.    Adequacy of Representation**

70.    Plaintiff Stewart has no fundamental conflict of interest with the Class or Subclass she seeks to represent.  Plaintiff Stewart will adequately protect the interests of all class members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to their and putative class members.

71.    Plaintiff Stewart has retained attorneys who are experienced employment law litigators with significant class action experience.

**E.    Superiority of Class Action**

72.    Plaintiff Stewart believes a class action is a superior method of litigation for the fair and efficient adjudication of this controversy.  Individual joinder of all class

15

members is not practicable.  Class action treatment will allow similarly situated employees to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

73.    Plaintiff Stewart knows of no difficulty that might be encountered in the management of this suit, which would preclude maintenance as a class action.

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION

(Violation of California Government Code 12940(k))

(Alleged By Plaintiff Stewart Individually and On Behalf of the Equal Pay Class Against All Defendants)

74.    Plaintiff Stewart re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

75.    At all times mentioned herein, California Government Code §12940 *et seq*. was in full force and effect and was binding on Defendant. This section provide that it is unlawful for Defendant, as an employer, to fail to take all reasonable steps necessary to prevent discrimination from occurring.

76.    Plaintiff and the Equal Pay Class were subjected to discrimination on the basis of their race, as set forth herein. Defendant failed to take reasonable steps to prevent the discrimination as described herein.

77.    As a result of Defendant's conduct, Plaintiff and the Equal Pay Class are entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

3.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney fees and costs pursuant to Government Code §12965.

/ / /

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

### SECOND CAUSE OF ACTION

### RACIAL DISCRIMINATION

(Violation of California Government Code 12940(a))

(Alleged By Plaintiff Stewart Individually and On Behalf of the Equal Pay Class Against All Defendants)

78.     Plaintiff Stewart re-alleges and incorporates herein by reference each and every allegation contained in the proceeding paragraphs as though fully set forth herein.

79.     Defendant discriminated against Plaintiff and the Equal Pay Class in the terms, conditions and privileges of their employment.

80.     Plaintiff Stewart believes and thereon alleges that race was a motivating reason for Defendant's discrimination against her and the Equal Pay Class, including unequal opportunities for promotions or raises.

81.     Defendant's conduct of discriminating against Plaintiff and the Equal Pay Class on the basis of their race violated Cal. Gov't Code § 12940(a).

82.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and the Equal Pay Class have sustained and continue to sustain substantial losses in earnings, employment benefits, employment opportunities, and have suffered other economic losses in an amount to be determined at time of trial.  Plaintiff has sought to mitigate these damages.

83.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, mental anguish, and severe emotional and physical distress to her damage in a sum to be established according to proof.

84.     Defendant's actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff Stewart's rights and the rights of the Equal Pay Class.

85.     As a result of Defendant's conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with Defendant's wrongful acts and sufficient to punish and deter future similar reprehensible conduct.

/ / /

FIRST AMENDED COMPLAINT

86.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorney's fees.

### THIRD CAUSE OF ACTION

### WRONGFUL FAILURE TO PROMOTE DUE TO RACIAL DISCRIMINATION

(Violation of California Fair Employment and Housing Act and California Government Code 12940, et seq.)

(Alleged By Plaintiff Stewart Individually and On Behalf of the Equal Pay Class Against All Defendants)

87.    Plaintiff Stewart incorporates herein by this reference each and every paragraph of this complaint as though fully set forth and restated herein by this reference.

88.    Defendant intentionally refused to promote Plaintiff Stewart and members of the Equal Pay Class into the Patient Service Representative 2 position because of their race, regardless of their experience or performance.

89.    A motivating factor for Defendant's actions included Plaintiff's and the members of the Equal Pay Class' race, pursuant to the custom and practice of defendants to exclude qualified Black employees from promotion to higher paying positions within the company.

90.    As a direct and proximate cause of Defendant's unlawful, wrongful, intentional, and discriminatory conduct, Plaintiff  suffered and continues to suffer emotional distress and related general damages, past and future, economic and incidental expenses, past and future, lost earnings and loss of career opportunities, past and future, statutory attorney's fees and costs, with interest thereon, in an amount according to proof.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE EQUAL PAY BASED ON RACE

(Violation of Labor Code § 1197.5)

(Alleged By Plaintiff Stewart Individually and On Behalf of the Equal Pay Class Against All Defendants)

91.    Plaintiff Stewart re-alleges and incorporates by reference each and every allegation contained in the preceding and subsequent paragraphs as though fully set forth

Graham**Hollis** APC
3555 Fifth Avenue Suite 200
San Diego, California 92103

18

herein.

92.   Plaintiff Stewart performed substantially similar work, when viewed as a composite of skill, effort, and responsibility, and which is performed under similar working conditions, as Defendant's non-Black employees.

93.   Plaintiff Stewart, along with other members of the Equal Pay Class, was paid less than Defendant's non-Black employees who performed substantially similar work, as alleged herein.

94.   As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff Stewart has sustained and continues to sustain substantial losses in earnings, employment benefits, employment opportunities, and she has suffered other economic losses in an amount to be determined at time of trial. Plaintiff Stewart has sought to mitigate these damages.

95.   As a further direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress and mental and physical pain and anguish, all to her damage in a sum to be established according to proof.

96.   In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover attorney fees and costs pursuant to Labor Code §§ 1197.5(g) and 218.5. Plaintiff is also entitled to recover, as liquidated damages, an amount equal to the balance of wages she is owed, pursuant to Labor Code § 1197.5(g).

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

(Violation of Labor Code §§ 226.7 and 1198 and the "Rest Periods" section of the Applicable IWC Wage Order)

(Alleged By Plaintiff Stewart Individually and On Behalf of the Non-Exempt Class Against All Defendants)

97.   Plaintiff Stewart re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

98.   Labor Code § 226.7 requires employers, including Defendants, to provide to their employees, including Plaintiff, paid rest periods as mandated by the IWC Wage

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

Orders.

99.    Labor Code § 1198 states that the "maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees.  The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

100.    The "Rest Periods" section of the applicable IWC Wage Order states, "[e]very employer shall authorize and permit employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof."  It further states, "[a]uthorized rest period time shall be counted as hours worked for which there shall be no deduction from wages." Furthermore, "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

101.    On information and belief, Plaintiff and other similarly situated employees were subject to the same policies, practices, and procedures governing the provision and scheduling of rest periods.

102.    Plaintiff Stewart and, on information and belief, other similarly situated employees were not authorized and permitted to take compliant rest periods.

103.    Labor Code § 226.7(c) states, "[i]f an employer fails to provide an employee a … rest … period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the …. rest … period is not provided."

104.    Even though Plaintiff Stewart and, on information and belief, other similarly situated employees were not authorized and permitted to take off-duty rest periods, Defendants did not pay Plaintiff and, on information and belief, other similarly situated

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

employees appropriate rest period premium wages for each day in which Defendants did not authorize and permit Plaintiff and other similarly situated employees to take compliant rest periods, in violation of Labor Code § 226.7 and the applicable IWC Wage Order.

105.   On information and belief, Defendants have a common policy, pattern, and practice of failing to compensate Plaintiff and other similarly situated employees with an hour of pay at their regular rate of pay for the times that Plaintiff and other similarly situated employees were not authorized to take rest periods of at least 10 minutes for each four-hour work period, or major fraction thereof.

106.   Plaintiff Stewart and other similarly situated employees suffered and continue to suffer losses related to Defendants' failure to pay an additional hour of pay for each day a rest period was not provided and the associated use and enjoyment of compensation due and owing to them as a direct result of Defendants' Labor Code and IWC Wage Order violations.

107.   Plaintiff Stewart seeks all available remedies for Defendants' violations including, but not limited to, any and all wages due, monies, and interest, to the extent permitted by law.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200 et seq.

(Alleged By Plaintiff Stewart Individually and On Behalf of the Non-Exempt Class Against Defendants)

108.   Plaintiff Stewart re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

109.   California Business & Professions Code § 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..."

110.   Defendants' Labor Code and IWC Wage Order violations alleged herein

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

21

constitute "unlawful, unfair or fraudulent business act or practices," which are prohibited by Business and Professions Code §§ 17200-17208 and include, but are not limited to: (i) failure to prevent discrimination; (ii)unlawful employment discrimination based on race; and (iii) failure to provide proper rest periods and pay Plaintiff and other similarly situated employees premium wages for failure to provide compliant rest periods.

111.    Defendants intentionally avoided paying Plaintiff and other similarly situated employees all wages and/or monies, and other financial obligations attached thereto, to create for Defendants an artificially lower cost of doing business, and thus, undercut its competitors.

112.    Defendants lowered their costs of doing business by paying Plaintiff and other similarly situated employees an amount less than what is required by the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission, thereby unfairly forcing Plaintiff and other similarly situated employees to perform work without fair compensation and benefits.

113.    Defendants' scheme to lower its payroll and operation costs and thus profit, by withholding money owed to the class and withholding wages, compensation and benefits, which are all the property of Plaintiff and other similarly situated employees, in violation of the California Labor Code and the IWC Wage Orders, as alleged herein, constitutes an "unlawful, unfair or fraudulent business act or practice," under California Business and Professions Code § 17200, *et seq*.  As a result of Defendants' unfair competition, Plaintiff and other similarly situated employees suffered injury in fact by losing money and/or property.

114.    Business and Professions Code § 17204, states, in relevant part, "[a]ctions for relief pursuant to this chapter shall be prosecuted…by…a person who has suffered injury in fact and has lost money or property as a result of the unfair competition."

115.    Defendants acquired money and property owed to Plaintiff and other similarly situated employees by means of an unlawful practice that constitutes unfair competition as defined by Business and Professions Code § 17200, *et seq*.

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

116.   Plaintiff and other similarly situated employees are persons in interest under Business and Professions Code § 17203 to whom money and property should be restored. Business and Professions Code § 17203 states, in relevant part, that "any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204."

117.   Plaintiff is a person who suffered injury in fact and lost money, wages, compensation, and benefits, as a result of Defendants' unfair competition.  Thus, pursuant to Business and Professions Code §§ 17203 and 17204, Plaintiff may pursue representative claims and relief on behalf of herself and the putative classes.

118.   Pursuant to Business and Professions Code § 17203, "[t]he court may make such orders or judgments, as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

119.   Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and other similarly situated employees by committing the unlawful acts alleged herein. Thus, Defendants must make restitution and/or be subject to other equitable relief pursuant to Business & Professions Code § 17203 and restore all unpaid wages to Plaintiff and other similarly situated employees.

120.   Plaintiff and other similarly situated employees suffered and continue to suffer loss of wages and monies, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

121.   Plaintiff seeks all available remedies on behalf of herself and on behalf of other similarly situated employees, including, but not limited to, restitution of all wages and all monies owed, all in an amount to be shown according to proof at trial.  All such remedies are cumulative of relief available under other laws, pursuant to Business & Professions Code § 17205.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

/ / /

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT OF 2004

(Violation of Labor Code section 2698 *et seq.*)

(Alleged By Plaintiffs On Behalf of All Aggrieved Employees of Defendants Against All Defendants)

122.    Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above, as though fully set forth herein.

123.    Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

124.    This cause of action involves allegations of violations of Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 225.5, 226, 226.3, 226.7, 510, 558, 1174, 1174.5, 1194, 1194.2, 1197.1, and 1197.5 which, pursuant to Labor Code § 2699.5, provide for a civil penalty to be assessed and collected by the LWDA or recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

125.    Plaintiffs seek to recover civil penalties, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages, on behalf of themselves and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code §§ 201, 202, 204, 226(a), 226.7, 510, 512, 1174, 1197, 1197.5, and 1198.

126.    For all provisions of the Labor Code for which a civil penalty is not specifically provided, Labor Code § 2699(f) imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per

pay period for each subsequent violation.

127.   Defendants violated Labor Code §§ 226.7 and 1198 by failing to authorize and permit Plaintiffs and aggrieved employees to take duty-free rest periods and by failing to pay them rest period premium wages for each day a rest period was not provided.  Under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 226.7 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

128.   Defendants violated Labor Code §§ 223, 510, 1194, 1197, and 1198 by not paying Plaintiffs and other aggrieved employees all minimum, regular, and overtime wages for all the time they were suffered or permitted to work, engaged in work and/or under Defendants' control, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 223, 1194, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

129.   Defendants violated Labor Code § 1197.5 by paying Plaintiffs and other Black employees wages less than that paid to employees of other races for performing equal or substantially similar work when viewed as a composite of skill, effort, and responsibility, and performed under similar working conditions. Thus, under Labor Code § 210(a), Defendants are subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

130.   Under Labor Code § 225.5, Defendants, in addition to, and entirely independent and apart from any other penalty, are subject to a civil penalty for unlawfully withholding wages due to Plaintiffs and other aggrieved employees in violation of Labor Code § 223 as follows: (1) For an initial violation, one hundred dollars ($100.00) for each failure to pay each employee; and (2) For each subsequent violation, or any willful or

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

intentional violation, two hundred dollars ($200.00) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. This amount shall be recovered on behalf of the Labor Commissioner.

131.   Defendants violated Labor Code § 246 by failing to provide Plaintiffs and aggrieved employees with accurate, itemized statements, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code § 246, and $200 for each aggrieved employee per pay period for each subsequent violation

132.   Defendants violated Labor Code §§ 201, 202, 203, and 1198 by not paying Plaintiffs and aggrieved employees all minimum, regular, and overtime wages owed, and all rest premium wages owed by the time set forth by law upon their separation of employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 201, 202, 203, and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

133.   Defendants violated Labor Code §§ 204 and 1198 by not paying Plaintiffs and aggrieved employees all minimum, regular, and overtime wages owed, and all rest premium wages owed by the time set forth by law during their employment, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code sections 204 and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

134.   Under Labor Code § 210(a), Defendants, in addition to, and entirely independent and apart from any other penalty, are subject to a civil penalty for failing to pay the wages of each aggrieved employee as provided in Labor Code § 204, as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each aggrieved employee; and (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each aggrieved employee, plus

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

25 percent of the amount unlawfully withheld.  This amount shall be recovered on behalf of the Labor Commissioner.

135.    Defendants violated Labor Code §§ 226(a), 1174(d), and 1198 by knowingly and intentionally failing to maintain and provide Plaintiffs and other aggrieved employees of Defendants with wage statements itemizing accurately all information required by Labor Code section 226(a), as alleged herein, including the total hours worked, all regular hours worked, all overtime hours worked, and the total wages earned. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of $100 for each aggrieved employee per pay period for the initial violation of Labor Code §§ 226(a) and 1198, and $200 for each aggrieved employee per pay period for each subsequent violation.

136.    Alternatively, Labor Code § 226.3 provides for a civil penalty in the amount of $250 per violation in an initial citation and $1,000 for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of section 226.

137.    Labor Code § 1174.5 provides for a civil penalty of $500 for any person employing labor who willfully fails to maintain accurate and complete records required by subdivision (d) of § 1174.

138.    Defendants are and were Plaintiffs' and aggrieved employees' employers or other persons acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the Commission, and, as such, are subject to civil penalties for each underpaid employee pursuant to Labor Code § 1197.1.

139.    Labor Code § 1197.1 imposes upon Defendants for each initial violation of Labor Code § 1197 by paying or causing an employee to be paid less than the minimum wage, a civil penalty of $100.00 for each underpaid employee for each pay period for which the employee is underpaid. Furthermore, Labor Code § 1197.1 imposes upon Defendants for each subsequent violation a civil penalty of $250.00 for each underpaid employee for each pay period for which the employee was underpaid.  The civil penalty recoverable

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

under Labor Code § 1197.1 is in addition to an amount sufficient to recover the underpaid wages, as well as liquidated damages pursuant to Labor Code § 1194.2, and any applicable penalties imposed pursuant to Labor Code section 203, which shall be paid directly to each affected employee.

140.   Defendants are and were Plaintiffs' and other aggrieved employees' employers, or persons acting on their behalf, within the meaning of Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the Labor Code or any provision regulating hours and days of work in any IWC Wage Order and, as such, are subject to civil penalties for each underpaid employee as set forth in Labor Code § 558.

141.   Labor Code § 558 imposes upon Defendants for each initial violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $50.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. Furthermore, Labor Code § 558 imposes upon Defendants for each subsequent violation of the Hours and Days of Work section of the applicable IWC Wage Order a civil penalty of $100.00 for each aggrieved employee for each pay period for which the aggrieved employee was not provided with a paid uninterrupted 10-minute rest period, as alleged herein. As set forth in *Thurman v. Bayshore Transit Management*, 203 Cal.App.4th 1112, 1153 (2012), the Hours and Days of Work section of the Wage Orders also covers failure to provide rest periods and Plaintiffs may therefore recover civil penalties, but only those civil penalties that are required to be shared with the LWDA and no individual relief or underpaid wages.

142.   Pursuant to Labor Code § 558.1, Defendants are employers or other persons acting on behalf of an employer, who violate, or cause to be violated, any provision regulating the "Hours and Days of Work" and the "Minimum Wages" sections of the Applicable Wage Order, or who violate, or cause to be violated, §§ 203, 226, 226.7, 1193.6, or 1194 of the Labor Code, and are subject to a civil penalty for each initial and/or subsequent violation.  Defendants committed such violations when they failed to pay all

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

28

minimum, regular, and overtime wages, provide rest periods or pay rest period premium wages, provide accurate itemized wage statements, and timely pay all wages due, as alleged herein.

143.   Defendants violated Labor Code § 1198 when they failed to comply with the maximum hours of work and the standard conditions of labor fixed by the IWC under the "Hours and Days of Work," the "Minimum Wages," the "Records," and the "Rest Periods" Sections of the Applicable IWC Wage Order, by failing to pay all minimum and overtime wages, failing to provide compliant rest periods, failing to pay rest period premium wages, and failing to keep and provide accurate records, as alleged herein. Thus, under Labor Code § 2699(f)(2), Defendants are subject to a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of Labor Code section 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation of Labor Code § 1198.

144.   For bringing this action, Plaintiffs are additionally entitled to attorney's fees and costs incurred herein.

145.   Plaintiffs seek to recover civil penalties on behalf of themselves and other aggrieved employees for Defendants' violations of the Labor Code, including but not limited to Defendants' violations of Labor Code §§ 201, 202, 204, 226(a), 226.7, 510, 512, 1174, 1197, 1197.5 and 1198, pursuant to Labor Code section 2698, *et seq*. The exact amount of the applicable penalties is in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

WHEREFORE, Plaintiffs pray for relief as hereinafter requested.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a.    An Order certifying the proposed classes appointing Plaintiff's undersigned counsel of record to represent the classes;

b.    All compensatory relief available under the FEHA;

c.    For general damages;

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103

d.    For an award of liquidated damages where authorized by law;

e.    For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including pursuant to Code of Civil Procedure section 1021.5 and Labor Code sections 218.5, 218.6, 226, 1194, and 2698 *et seq.*;

f.    For civil and statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and the Orders of the Industrial Welfare Commission;

g.    For restitution as provided by Business and Professions Code § 17200, *et seq.*;

h.    For an order requiring Defendants to restore and disgorge all funds to each affected person acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code § 17200, *et seq.*;

i.    For an award of damages in the amount of unpaid compensation, monies, and other penalties according to proof, including interest thereon, to the extent permissible by law;

j.    For an award of an additional hour of pay at the regular rate of compensation for each noncompliant rest period, pursuant to Labor Code § 226.7 and the applicable Order of the Industrial Welfare Commission;

k.    For civil penalties for each initial and subsequent violation for each underpaid employee for each pay period for which the employee was underpaid;

l.    Plaintiff is only seeking such civil penalties that are required to be shared with the LWDA;

m.    For waiting time penalties pursuant to Labor Code § 203;

FIRST AMENDED COMPLAINT

n.   For injunctive relief as provided by the Labor Code including but not limited to Labor Code § 226(h), and Business and Professions Code § 17200, *et seq.*

o.   For pre- and post-judgement interest to the extent permitted by law including, but not limited to, Labor Code §§ 218.6 and 1194;

p.   For an order imposing a constructive trust upon Defendants to compel it to transfer wages that have been wrongfully obtained and held by Defendants to unpaid employees;

q.   For an accounting to determine all money wrongfully obtained and held by Defendants;

r.   For a declaratory judgment that Defendants violated the Labor Code, as well as the "Rest Periods" sections of the Wage Order of the Industrial Welfare Commission;

s.   Punitive damages where authorized by law; and

t.   An award of such other and further relief as this Court deems proper and just.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all Causes of Action to the extent authorized by law.

Dated: February 12, 2020                    GRAHAM**HOLLIS** APC


                                                          By:   */s/ David X. Lin*
                                                          GRAHAM S.P. HOLLIS
                                                          VILMARIE CORDERO
                                                          HALI M. ANDERSON
                                                          DAVID X. LIN
                                                          Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT

GRAHAM**HOLLIS** APC
3555 FIFTH AVENUE SUITE 200
SAN DIEGO, CALIFORNIA 92103