UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STEWART, individually and on behalf of similarly situated employees,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.,<br><br>　　　　　　　　Defendant. | Case No.:  19cv2043-DMS(KSC)<br><br>**ORDER RE DISCOVERY CONFERENCE HELD BY TELEPHONE ON SEPTEMBER 18, 2020** |

　　　A Discovery Conference was held telephonically with counsel on September 18, 2020.  The purpose of the conference was to resolve remaining discovery disputes concerning defendant's production of documents and/or data that plaintiffs requested for use in preparing a motion for class certification.  Prior to the Discovery Conference, counsel submitted a Joint Status Report outlining the issues in dispute.  [Doc. No. 33.]  The following is a summary of matters discussed/resolved during the Discovery Conference:

　　　1.　　By mid-October 2020, defendant will produce "historical compensation records which include hourly rates of pay" for Patient Service Representatives.  [Doc. No. 33, at pp. 2-3.]

/ / /

2. By mid-October 2020, defendant will produce historical compensation records for all putative class member Patient Service Representatives back to 2003.

3. Defendant will produce "audit trails" for the rest break class by **_October 9, 2020_**, if it has not already done so.

4. Plaintiffs seeks "final corporate communications regarding compensation of putative class member Patient Service Representatives." [Doc. No. 33, at p. 3.] By October 9, 2020, "[d]fendant will provide the compensation rates and pay bands, along with any interim adjustments to the same (to the extent they exist), that are applicable to the putative class member Patient Serve Representatives." [Doc. No. 33, at p. 3.] By mid-October, defendant will either produce any formal, written policies concerning how pay rates are determined and/or how "pay bands" are evaluated, or advise plaintiffs there are no responsive documents. Plaintiffs may then pursue this topic in a Rule 30(b)(6) deposition.

5/6. Plaintiffs have requested production of resumes and employment applications submitted for Patient Service Representative positions and documents reflecting years of experience of Patient Service Representatives upon hire. [Doc. No. 33, at p. 4.] By mid-October 2020, defendant must produce any responsive data maintained by defendant for putative class members, as well as any data maintained by third party vendors. If defendant is unable to obtain cooperation from a third-party vendor, defense counsel will notify plaintiffs' counsel as soon as possible, so that plaintiffs can serve any third-party vendor(s) with a subpoena.

7. Plaintiffs seeks disclosure of documents reflecting the quantity or quality of work production by Patient Service Representatives. [Doc. No. 33, at p. 5.] As explained during the Discovery Conference, plaintiffs want to discover how defendant tracks or measures the productivity of Patient Service Representatives to determine their effectiveness, efficiency, or accuracy at a location or from one location to another. Defense counsel will research to determine what responsive information may be available that does not require a manual review of individual personnel files. Defense counsel will

then advise plaintiffs' counsel as soon as possible what types of documents and information are available. Responsive documents and information must be produced by mid-October 2020.

      8/9. Plaintiffs have requested "Secret Shopper" reviews obtained through a Secret Shopper program administered for defendant by a third-party vendor. Plaintiffs have copies of their own Secret Shopper reviews and believe reviews must exist for other Patient Service Representatives. [Doc. No. 33, at p. 5.] Defense counsel indicated the Secret Shopper reviews were conducted randomly to obtain general feedback, and the reviews did not usually include specific employee names. If a name was mentioned, copies of these reviews may have been placed in individual employees' personnel files. Defendant contends it would be too burdensome and disproportional to the needs of the case to conduct a manual review to locate copies of any reviews that may have been placed in individual personnel files. Defense counsel must determine whether defendant maintains copies of the Secret Shopper reviews on a collective basis (*i.e.,* not in individual personnel files) and produce any such documents by mid-October 2020. If defendant does not maintain the Secret Shopper reviews on a collective basis, defense counsel must determine whether copies could be obtained from the third-party vendor and produce them by mid-October 2020. If defendant is unable to obtain cooperation from the third-party vendor, defense counsel must notify plaintiffs' counsel as soon as possible, so that plaintiffs can serve the third-party vendor with a subpoena.

      10. Plaintiffs have requested copies of any "validation studies" conducted on the Patient Service Representative position. [Doc. No. 33, at p. 6.] Defendant contends the term "validation studies" is too ambiguous for a search to be conducted. [Doc. No. 33, at p. 6.] During the Discovery Conference, plaintiffs' counsel explained they want to determine whether any studies have been completed on the different levels of Patient Representatives to determine the need for pay equity adjustments. Defense counsel represented that job descriptions have already been produced, and the criteria for the

///

levels have not changed.  After some discussion, it was determined it would be best for plaintiffs to pursue this topic in a Rule 30(b)(6) deposition.

11/12.  Plaintiffs seek production of "summary data" as follows:  performance appraisal ratings identified by race, statistical audits, analyses, or reports regarding hiring, compensation, promotion, and performance evaluations.  [Doc. No. 33, at p. 6.]  According to plaintiffs, defendant "conducts compensation evaluations and equity adjustments for its California Patient Service Representatives," and defendant should have already produced "documents related to these evaluations and equity adjustments." [Doc. No. 33, at p. 6.]  Plaintiff also believes other documents of this nature may exist. [Doc. No. 33, at p. 6.]  Defense counsel is researching what performance evaluations and other responsive data are stored electronically and the burden of retrieving any such data for the period September 16, 2016 to the present.  [Doc. No. 33, at p. 6.]  To the extent responsive documents exist, defendant must produce them by mid-October 2020.

*__Defendant must produce the documents outlined above on a rolling basis so that production will be complete by mid-October 2020 with no further extensions of time__*.

Discovery being sought by defendant was also discussed briefly during the Discovery Conference.  In this regard, defendant wants to take plaintiffs' depositions in late October and November 2020.  Defendant is also awaiting phone and medical records from plaintiffs.  As soon as possible, plaintiffs must provide defendant with proposed dates on which they are available for their depositions and the date(s) on which they expect to be able to produce the requested documents.

IT IS SO ORDERED.

Dated:  October 5, 2020

Hon. Karen S. Crawford
United States Magistrate Judge