UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STEWART and ZULEKHA ABDUL, individually and on behalf of similarly situated employees of Defendants in the State of California<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. and DOES I THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 19-CV-2043 TWR (KSC)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF Nos. 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 58) |

Presently before the Court is Plaintiff Pamela Stewart's unopposed Motion to File Documents Under Seal in Support of Plaintiff's Motion for Class Certification ("Mot," ECF No. 58). Having carefully reviewed Plaintiff's arguments, the proposed sealed documents (ECF Nos. 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53), and the law, the Court **DENIES WITHOUT PREJUDICE** the Motion as follows.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). Where the underlying motion is more than tangentially related to the merits of the case, the stringent "compelling reasons" standard applies. *Id.* at 1096–98. Where the underlying motion does not surpass the tangential relevance threshold, the less exacting "good cause" standard applies. *Id.* The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

As Plaintiff Stewart acknowledges, (*see* Mot. at 4), the "particularized showing of good cause" standard applies where a party moves to seal a document attached to a non-dispositive motion. *See Al Otro Lado, Inc. v. Wolf*, No. 17-CV-02366-BAS-KSC, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020) (quoting *Kamakana*, 447 F.3d at 1180). This requires the moving party to "make a particularized showing of good cause with respect to each individual document." *SmartMetric, Inc. v. Mastercard Int'l, Inc.*, No. CV117126MWFAJWX, 2013 WL 12114448, at *2 (C.D. Cal. Nov. 1, 2013) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)). "The 'good cause' standard cannot be satisfied with broad allegations of harm that are not substantiated with specific examples or articulated reasoning." *Foltz*, 331 F.3d at 1130. "A showing of 'good cause' requires 'specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm.'" *Id.* at 1130–31.

In Plaintiff's Motion, Plaintiff asserts in conclusory fashion that all of the documents she seeks to file under seal "concern Defendant's corporate policies and practices or sensitive putative class member contact or compensation information." (S*ee* Mot. at 2).

For each of the documents Plaintiff seeks to file under seal, Plaintiff only provides a brief explanation of what the document is and a conclusory allegation of potential harm or prejudice. (*See* Mot. at 2; *see also* ECF No. 58-2 ¶ 3). Thus, Plaintiff's request for an order sealing numerous documents is accompanied by nothing more than broad, conclusory allegations of harm or prejudice. Plaintiff has not presented, for each of the documents she requests to file under seal, articulated reasoning or specific demonstrations of fact, supported by concrete examples of prejudice or harm that could result if these documents are filed in the public record. Because Plaintiff has failed to make a particularized showing necessary to establish "good cause," the Court **DENIES WITHOUT PREJUDICE** the Motion to File Documents Under Seal.

**IT IS SO ORDERED.**

Dated: December 16, 2020

_____
Honorable Todd W. Robinson
United States District Court