**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMELA STEWART and ZULEKHA ABDUL, individually and on behalf of all similarly situated employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-02043-RBM-KSC<br><br>**ORDER GRANTING DEFENDANT QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.'S MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>**[Doc. 62]** |

On January 28, 2021, Defendant Quest Diagnostics Clinical Laboratories, Inc. ("Defendant") filed a motion to file under seal documents in support of Defendant's opposition to the motion for class certification filed by Plaintiffs Pamela Stewart and Zulekha Abdul ("Plaintiffs"). (Doc. 62.) Plaintiffs did not file a response in opposition to the motion. For the reasons discussed below, Defendant's motion to seal is **GRANTED**.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. "[C]ourts apply the compelling reasons standard to a motion to seal a document filed in connection with a motion for class certification." *McCurley v. Royal Seas Cruises, Inc.*, No. 17-CV-00986-BAS-AGS, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) (collecting cases).

The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Compelling reasons may exist if sealing is required to prevent documents from being

used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-2885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting FED. R. CIV. P. 269(c)(1)(G)). Additionally, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the "parties have been able to point to concrete factual information" to justify sealing. *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (collecting cases).

## II. DISCUSSION

Here, Defendant seeks to seal (1) Defendant's Staffing Model and (2) Defendant's Progression Program Guidelines, which were filed as Exhibits A and C, respectively, to the Declaration of Tiffani Q. Walten in support of Defendant's opposition to Plaintiffs' motion for class certification. (*See* Doc. 62 at 3.) Defendant alleges these documents "contain highly sensitive information reflecting Quest's internal decision-making and business strategies that could be used by competitors to Quest's disadvantage." (*Id*.) Regarding the Staffing Model, Defendant contends "Quest treats its Staffing Model as confidential in the normal course of business and takes affirmative steps to limit the disclosure of all such information" because the document contains "Quest's internal decision-making regarding its business practices related to productivity metrics and customer service strategies for its Patient Service Centers." (*Id*. at 6.) Regarding the Progression Program Guidelines, Defendant further alleges its competitors would gain an unfair advantage in the market if allowed access to the Quest Progression Program Guidelines because "they would provide a competitor with information that it could use to hire away PSRs who had progressed or were subject to these Guidelines or otherwise unfairly compete with Quest for qualified candidates for employment in the market." (*Id*.)

The Court finds compelling reasons to seal the documents subject to Defendant's

motion. "Courts routinely permit the sealing of records containing business information which competitors could potentially misuse if disclosed, even in connection with a motion for class certification." *McCurley*, 2018 WL 3629945, at *2; *see also Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (applying compelling reasons standard to seal plaintiff's "confidential financial and pricing information"); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2017 WL 1035730, at *3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents containing defendant's "pricing and shipping information" where court found such information "could be improperly used" by competitors); *Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (applying compelling reasons standard to seal party's confidential "sales and marketing data" where "public disclosure of this business information could result in improper use by Breg's competitors seeking to undercut Breg's market position").

### III.   CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to seal. (Doc. 62.) The Court directs the Clerk of the Court to accept and **FILE UNDER SEAL** the lodged documents. (Doc. 63.)

**IT IS SO ORDERED.**

DATE: July 29, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE