# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STEWART and ZULEKHA ABDUL, individually and on behalf of all similarly situated employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC. and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-02043-RBM-KSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SEAL**<br><br>**[Doc. 134]** |

On August 17, 2022, Plaintiffs Pamela Stewart and Zulekha Abdul ("Plaintiffs") filed the instant motion to seal documents in support of Plaintiff Pamela Stewart's class certification motion and Plaintiffs' opposition to Defendant Quest Diagnostics Clinical Laboratories, Inc.'s ("Defendant") motion to strike Plaintiffs' PAGA claims. (Doc. 134.) For the reasons discussed below, Plaintiffs' motion is **GRANTED**.

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

1    *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one
2    'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."
3    *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*
4    *State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption
5    of access is 'based on the need for federal courts, although independent—indeed,
6    particularly because they are independent—to have a measure of accountability and for the
7    public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler*
8    *Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d
9    1044, 1048 (2d Cir. 1995)).

10   A party seeking to seal a judicial record bears the burden of overcoming the strong
11   presumption of public access.  *Foltz*, 331 F.3d at 1135.  The showing required to meet this
12   burden depends upon whether the documents to be sealed relate to a motion that is "more
13   than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.
14   When the underlying motion is more than tangentially related to the merits, the
15   "compelling reasons" standard applies.  *Id*. at 1096–98.  When the underlying motion does
16   not surpass the tangential relevance threshold, the "good cause" standard applies.  *Id*.

17   The "compelling reasons" standard is generally satisfied if the moving party can
18   show that the "'court files might have become a vehicle for improper purposes,' such as
19   the use of records to gratify private spite, promote public scandal, circulate libelous
20   statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435
21   U.S. at 598).  The decision to seal documents is "one best left to the sound discretion of
22   the trial court" upon consideration of "the relevant facts and circumstances of the particular
23   case." *Nixon*, 435 U.S. at 599.

24   Compelling reasons may exist if sealing is required to prevent documents from being
25   used "as sources of business information that might harm a litigant's competitive standing."
26   *Nixon*, 435 U.S. at 598.  "[A] trial court has broad discretion to permit sealing of court
27   documents for, inter alia, the protection of 'a trade secret or other confidential research,
28   development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-2885-

LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting FED. R. CIV. P. 269(c)(1)(G)).  Additionally, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the "parties have been able to point to concrete factual information" to justify sealing.  *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (collecting cases); *see also In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (applying compelling reasons standard to seal plaintiff's "confidential financial and pricing information").

## II.   DISCUSSION

Because the underlying motions for class certification and to strike Plaintiffs' PAGA allegations are "more than tangentially related to the merits of the case," *Ctr. for Auto Safety*, 809 F.3d at 1102, the compelling reasons standard applies.

Here, Plaintiffs seek to seal various exhibits attached to Plaintiff Pamela Stewart's class certification motion and Plaintiffs' opposition to Defendant's motion to strike Plaintiffs' PAGA claims.  More specifically, Plaintiffs seek an order sealing documents such as: (1) Defendant's payroll records; (2) compensation records and historical employment data; (3) Defendant's salary calculator spreadsheet; (4) Defendant's career progressions program outline; and (5) versions of Defendant's staffing model.  (*See* Doc. 134-1 at 4–7; *see also* Docs. 134-3, 134-4.)

In support of their motion to seal, Plaintiffs filed declarations from Scott Brady, Defendant's Senior Director and Human Resources Business Partner, and Tiffani Walten, Defendant's Patient Services Manager.  (Docs. 134-3, 134-4.)  Mr. Brady states that the historical employment data subject to Plaintiffs' motion to seal "contains highly sensitive information regarding each [Patient Service Representative]'s compensation (including changes to compensation and reasons therefore), demographic information (i.e., ethnicity),

and work location" and that such information about its employees, if made public to Defendant's competitors, would put Defendant at a competitive disadvantage. (Doc. 134-3 ¶¶ 4–9.) Ms. Walten states that Defendant's staffing model "helps supervisors assess their staffing needs and prepare a justification for any requested staffing adjustments." (Doc. 134-4 ¶ 4.) Ms. Walten further states that Defendant's staffing model "contains highly sensitive information regarding Quest's staffing practices and patient flow" and "contains information reflecting Quest's internal decision-making regarding its business practices related to productivity metrics and customer service strategies for [Patient Service Center]s." (*Id.* ¶ 5.) Finally, Ms. Walten states the staffing model "contains highly sensitive information reflecting Quest's internal decision-making regarding its business practices related to progressions and performance expectations for PSRs" and is not accessible to the public given the risk of a competitor obtaining the information. (*Id.* ¶¶ 5–7.)

The Court finds compelling reasons to seal the documents subject to Plaintiffs' motion. Having reviewed the relevant documents and the declarations from Defendant's employees, the Court finds that Plaintiffs seek to seal information that, if publicly disclosed, could potentially put Defendant at a competitive disadvantage. Additionally, some of the information at issue involves putative class members' names, earnings, and other employee information which Defendant does not publicly disclose. *See Nixon*, 435 U.S. at 598; *see also Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) ("Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened.").

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' motion to seal (Doc. 134). The Court directs the Clerk of the Court to accept and **FILE UNDER SEAL** the lodged documents. (Docs. 135–44.)

///

**IT IS SO ORDERED.**

DATE:  August 29, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE