UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pamela STEWART, et al., individually and on behalf of all similarly situated employees of Defendants in the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., et al.,<br><br>Defendants. | Case No.: 19-cv-2043-AGS-DDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT (ECF 272)** |

Plaintiff Pamela Stewart seeks preliminary approval of a settlement agreement regarding her class-action lawsuit and Private Attorney General Act representative action. (ECF 272, at 7.) Before the Court may approve a class-action settlement, it must "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii). To do so, it must ascertain the class in question. Here, the Court is left guessing as to whether the proposed agreement seeks approval for the previously certified class or one of two new class definitions that plaintiff offers.

Stewart acknowledges that this Court previously certified the following class: "All of Defendant's non-exempt California Patient Service Representatives who were not compensated with one hour of pay for all instances where they did not receive a duty-free and uninterrupted 10-minute rest period consistent with California law, any time between September 13, 2015, and the date of judgment." (ECF 272, at 10.) She refers to this class in her: (1) motion's "procedural summary"; (2) attorney's declaration; (3) settlement agreement; (4) proposed settlement notice; and (5) argument that this "class has previously been certified" and thus that "there is no need to re-establish class certification or request provisional certification." (*Id.* at 10, 20; ECF 272-2, at 9, 31, 56.)

But elsewhere Stewart defines the class as "All current and former non-exempt Patient Service Representatives of Defendant during the Class Settlement Period."

(ECF 272, at 7.) She references this class in both the motion's introduction and the settlement agreement. (*Id.*; ECF 272-2, at 30.)

Finally, Stewart defines a third class in her proposed second amended complaint, which accompanies her settlement papers: "All current and former non-exempt Patient Service Representatives of Defendant who were employed at any time in the State of California from 4 years from the date of filing this Complaint through the present." (ECF 272-2, at 94, 131.)

The differences between these three definitions are significant. For example, some of the proposed classes include only California workers. (ECF 272, at 10, 94.) Another includes no geographical limitation to California. (*Id.* at 7.) And the more recent definitions include "[a]ll" non-exempt patient service representatives, while the initially certified version included only those "who were not compensated with one hour of pay for all instances where they did not receive a duty-free and uninterrupted 10-minute rest period." (*See id.* at 7, 10.)

Although there is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned," *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), the Court cannot proceed without a clear class identification, Fed. R. Civ. P. 23(e)(1)(B)(ii). Until then, it cannot determine whether to rely upon its previous certification or engage in a "settlement-only class certification" analysis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

The motion for preliminary approval of the settlement agreement is thus **DENIED** without prejudice. If the parties so choose, they may correct the deficiencies identified in this order and submit an amended request no later than April 1, 2025.

Dated:  February 18, 2025

_____
Hon. Andrew G. Schopler
United States District Judge